## UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK PFEIFFER, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
|    vs. | ) CAUSE NO.   1:18-cv-03827 |
| | ) |
| DEERE & COMPANY, | ) |
| | ) |
|       Defendant. | ) |
| | ) |

### COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1.    Plaintiff, Mark Pfeiffer ("Pfeiffer"), by counsel, brings this action against Defendant, Deere & Company ("John Deere" or "Defendant") alleging a violation of the Age Discrimination in Employment Act ("ADEA").

### II. PARTIES

2.    Pfeiffer is a resident of the State of Indiana, who at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

3.    Defendant routinely conducts business within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4.    Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343; and 29 U.S.C. § 626.

5.    Defendant is an "employer" as that term is defined by 29 U.S.C. § 630(b).

6.     Pfeiffer was or applied to be an "employee" as that term is defined by 29 U.S.C. § 630(f).

7.     Pfeiffer satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission against Defendant alleging discrimination based on age. Pfeiffer received his Notice of Suit Rights and timely files this action.

8.     A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

9.     Pfeiffer was born in the year 1955.

10.    Beginning in March 2008, Pfeiffer was an independent contractor with a contract to sell products for A&I Products, Defendant's Agricultural Aftermarket Division, and Sunbelt Outdoor Products, Defendant's Lawn & Turf Division.  A&I Products and Sunbelt Outdoor Products are subsidiaries of Deere & Company.  Pfeiffer served as a Territory Sales Representative over part of Indiana and Ohio.

11.    At all times relevant, Pfeiffer met or exceeded expectations for his position. In 2014, Pfeiffer received an "Honorable Mention" at the 2014 National Sales meeting for increasing sales.  By August 2015, Pfeiffer's sales had increased over his 2014 sales and, at a time, when the company's sales as a whole were flat.

12.    On or about June 26, 2015, Pfeiffer received an email from the John Deere

Careers Website with a posting for a Territory Sales Manager opportunity for Indiana

and Ohio.  On or about June 27, 2015, Pfeiffer applied for the position.

13.   On or about June 29, 2015, Pfeiffer was informed by Steve Michels, Inside

Sales Manager, that his territory was being merged with the adjoining territory and that

the position was being converted to a regular company salaried position.  Michels

informed Pfeiffer that if he wanted to keep his job, he would need to apply for the

position.  As noted above, Pfeiffer had already applied for what turned out to be his

position.

14.   On or about July 23, 2015, Pfeiffer interviewed for the position, which was

conducted by Michels and Craig Stanley, Assistant Inside Sales Manager.

15.   On or abut August 3, 2015, Michels and Stanley informed Pfeiffer that he

was not selected for the position and that his contract with A&I Products and Sunbelt

Outdoor Products was being terminated.

16.   The individual selected for the position was significantly younger than

Pfeiffer and significantly less qualified for the position.

### V.  CAUSES OF ACTION

17.   Paragraphs one (1) through sixteen (16) of Pfeiffer's Complaint are hereby

incorporated.

18.   Defendant refused to hire Pfeiffer because of his age.

19.   Defendant willfully and intentionally discriminated against Pfeiffer on the

basis of his age in violation of the ADEA.

18.     Pfeiffer has suffered damages as a result of Defendant unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Mark Pfeiffer, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1.     Reinstate Pfeiffer to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful actions; and/or payment to Pfeiffer of front pay in lieu thereof;

2.     All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3.     Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4.     Liquidated damages for Defendant's violations of the ADEA;

5.     All costs and attorney's fees incurred as a result of bringing this action;

6.     Pre- and post-judgment interest on all sums recoverable; and

7.     All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By:   /s/ Andrew Dutkanych III
Andrew Dutkanych III, Atty. No. 23551-49
411 Main Street
Evansville, IN 47708
Telephone:   (812) 424-1000
Email: ad@bdlegal.com
Attorneys for Plaintiff, Mark Pfeiffer

-4-

## <u>DEMAND FOR JURY TRIAL</u>

Pfeiffer, Mark Pfeiffer, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By:  /s/ Andrew Dutkanych III
Andrew Dutkanych III, Atty. No. 23551-49
411 Main Street
Evansville, IN 47708
Telephone:    (812) 424-1000
Email: ad@bdlegal.com

Attorneys for Plaintiff, Mark Pfeiffer